# THE OCEAN CITY PIER AND IMPROVEMENT CO. OF OCEAN CITY, MARYLAND, *vs.* EVA K. AYRES.

*Contract: construction; "without expense."*

A contract between certain parties, having interests in a recreation pier, etc., settling claims for rent in arrears, etc., and providing for the reversion of the property to a certain company, contained the provision that certain personal property, essential to the use of the pier, should under certain contingencies become the absolute property of the company *"without expense"* to it; this provision was construed not to mean that the title to the property should pass without consideration, but simply meant that there should be no expense borne by the company incident to the sale or transfer of the property.                                    p. 175

*Decided April 8th, 1913.*

Appeal from the Circuit Court for Worcester County (JONES, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Franklin Upshur* and *George M. Upshur,* for the appellant.

*John W. Staton* and *Thomas McConnell, Jr.,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case involves the construction of a contract or agreement entered into by and between the appellant and the appellee.

Harry R. Ayres, son of the appellee, by a contract of rental with the appellant, made on the 12th day of March, 1909, leased of it a pier at Ocean City, Md. for the term of five years, to wit, from 1909 to 1913, both inclusive. For the first year he was to pay $2,500; for the remaining four years he was to pay $3,300 each year, the same to be paid as follows: "The sum of $1,100 on or before the first day of June; the sum of $1,100 on or before the 15th day of July; and the further sum of $1,100 * * * on or before the 20th day of August in each of said years respectively."

To secure the payment of this rent he, with his mother as surety on the said 12th day of March, executed a bond for the sum of $15,700, conditioned for the faithful performance of the terms of the contract to be performed by him. The rent for the year 1909 was paid, but the rent for 1910 was not paid, and in February, 1911, an attachment was issued out of the Circuit Court for Worcester County against the appellee and her son as non-residents, for the recovery of the rent due at such time. At or about the same time distress proceedings were instituted for the recovery of the rent due, and certain personal property of Harry R. Ayres, consisting of a piano, roller skates, moving picture machine, etc., then upon the pier, was seized thereunder.

While things were in this condition on March 18th, 1911, a compromise agreement was effected by and between the appellant and the appellee. It is in writing and is signed by Orlando Harrison, president of the appellant company, and the appellee, by her agent, William B. MacDonald. This agreement, called in the record a memorandum, contains a resolution passed by the appellant company by which its president was authorized to enter into an agreement with the appellee upon the terms therein mentioned. The concluding paragraph of this memorandum provided that a more formal contract and agreement should be thereafter prepared and executed. This formal contract or agreement, however, so far as the record discloses, was never executed. It is this memorandum or compromise agreement that is to be construed in this case, the terms and conditions of which are as follows:

"This company (the appellant) shall release the said Eva K. and Harry R. Ayers from their bond to pay rent to said company for said pier property and from all obligations for such payment, upon their or either of their paying to said company, on April first, nineteen hundred and eleven, the sum of thirty-three hundred dollars and all interest due upon the past year's rental and all costs and expenses said company has been or shall be put to in legal proceedings now pending or otherwise, with reference to said rental of said pier, and expenses of drawing the necessary papers in connection with this agreement, and, in addition, the further sum of thirty-three hundred dollars on May first, nineteen hundred and eleven; and further, that this company shall bid in and buy all the personal property of the said Harry R. Ayres on said pier which shall be sold under the distress proceedings now pending, and that the said Eva K. Ayres shall at once pay for the same the bid price thereof and the said personal property shall at once become absolutely the property of this company, without expense to this company; it being understood that the said Eva K.

Ayres shall have possession of said pier and personal property above mentioned for the season of nineteen hundred and eleven, to operate the same for the usual pier amusement purposes, until October first, nineteen hundred and eleven, without further expense to the said Eva K. Ayres, at which time absolute possession of said pier and personal property shall revert to said company, free and clear of the rental contract above-mentioned to said Harry R. Ayres; it being understood that the money the said Eva K. Ayres shall pay on account of the bid price of said personal property under said distress proceedings shall, less the expenses of said distress proceedings, be credited on the above payment of thirty-three hundred dollars the said Eva K. Ayres is to pay to this company on the first day of May, nineteen hundred and eleven."

The contention of the appellant, in effect, is that by the aforesaid compromise agreement it was not only to be paid the sum of $6,600, the amount of rent for the years 1910 and 1911, with such interest, costs and expenses as are mentioned in the agreement, but was also to have delivered to it, as part consideration for the execution of such compromise agreement, the personal property of Harry R. Ayres, without other or further consideration.

It is contended, on the other hand, by the appellee that by the terms of said agreement all obligations both of herself and son created by the original rental agreement and the bond executed in connection therewith, were to be cancelled upon the payment by them or either of them of the rent for the years 1910 and 1911, to wit, the sum of $6,600, with the aforesaid interest, costs and expenses; and that the proceeds of the sale of said personal property should be applied to or credited upon the amount so to be paid by them.

After the execution of this compromise agreement between the parties hereto, the personal property, on April 7th, was sold under the distress proceedings, at the bid of the appel-

lant for the sum of $2,400. This amount, with the further
sum of $1,436.64, was on the same day paid in cash by the
appellee unto the appellant, as shown by the receipt of the
appellant appearing in the record, in full payment of the
rent for the year 1910 and the interest, costs and expenses
aforesaid, which, under the compromise agreement, was to
have been paid on April 1st. This property remained in the
possession of the appellee until delivered by her, with the
leased premises, to the appellant company at the expiration
of the term created by this compromise agreement,, and for
which personal property, so delivered to the appellant, no
consideration was or has been paid to her. The payment
made on April 7th was the last and only cash payment made
under this contract.

Suit was instituted to recover what remained due upon
this contract and the case was heard by the Court below,
sitting as a jury. The appellant offered two prayers pred-
icated upon its contention as we have stated it, both of which
were refused by the Court. The appellee asked for no
instructions, and the Court rendered a verdict for the appel-
lant for $896.07, upon which a judgment was entered for
that amount. This amount was ascertained by deducting
the said sum of $2,400, the amount paid by the appellee
for said personal property delivered to the appellant, and
the sum of $52.25 conceded to be owing the appellee for
repairs from $3,300, being the amount of rent for 1911,
with interest thereon. It is from this judgment that this
appeal is taken.

While the language of the contract or agreement may in
some respects be confusing, nevertheless, we have little diffi-
culty in ascertaining the meaning of the parties thereto.

The original contract of rental was for five years; two of
these years had expired. The rent for the year 1909 had
been paid; the rent for 1910 had not been paid, and at the
time of this compromise agreement, March 18th, 1911, not
only had the property upon the leased premises been dis-

trained upon, but the real estate of the appellee in the town of Berlin had been attached for the payment of the rent then due. This agreement clearly provides not only for the payment of the rent for the year 1910, with accrued interest thereon and the costs and expenses of said legal proceedings, but it also provides for the payment, in advance of the season, of the rent for the year 1911, and relieves the lessee and the appellee, as his surety, from all obligations as to the payment of rent for the succeeding two years, 1912 and 1913, upon the performance of the terms and conditions imposed upon them by this agreement. The rent for 1910, with interest thereon and the costs and expenses of the legal proceedings, was to be paid on April 1st, and the rent for the year 1911 was to be paid on May 1st.

At the time of the execution of the agreement the personal property of the son on the pier was still undisposed of, and in respect to it the agreement provides, that the appellant "shall bid in and *buy* all the personal property of the said Harry R. Ayres on said pier, which shall be sold under the distress proceedings now pending, and the said Eva K. Ayres shall at once pay for the same the bid price thereof, and the said personal property shall at once become the personal property of this company without expense to this company. It being understood that the money the said Eva K. Ayres, shall pay on account of said bid price for said property under said distress proceedings shall * * * be credited on the above payment of $3,300, the said Eva K. Ayres is to pay this company on the first day of May, 1911." It is from this part of the agreement in respect to the disposal of the said personal property that the dispute arises.

The personal property of the son, or property of like character, was essential to the use of the pier as it was then conducted, and the agreement shows that it was the wish or desire of the appellant to become the owner of such personal property, subject to its use by the appellee

so long as she held possession of the pier: The title, however, was to be in the appellant. At the time of the execution of the agreement the title to the property was in the son, and in all probability the sale was made in order that his title therein could be transferred to the purchaser, and by this agreement the appellant was not only to bid, but was to *buy* all of this property.

The appellant was to buy the property, which implies that it was to pay a consideration therefor. This consideration, however, was not to be paid by it at the time of its purchase, but at such time it was to be paid by the appellee, who was, by the agreement, to be allowed a credit therefor upon the payment to be made by her on May 1st. This is shown by the clause of the agreement, which provides that "the money the said Eva K. Ayres shall pay on account of said bid price for said property under said distress proceedings shall * * * be credited on the above payment of $3,300, the said Eva K. Ayres is to pay to this company on the first day of May, 1911."

It is true, that it is stated in the agreement that "the personal property shall at once become the absolute property of the company *without expense* to this company." This language, however, can not be construed to mean that no consideration was to be paid for the property by the appellant, for this would be clearly inconsistent and in conflict with other provisions of the agreement. It simply means that there should be no *expense* borne by the appellant incident to the sale or transfer of the property.

The evident object of requiring the appellee to pay for the property at the time it was sold under the distress proceedings, was to defer crediting her with the proceeds of the sale of the goods until the final payment. By this method the appellant obtained the entire first payment in cash, leaving only the sum of $900 to be paid in cash upon the second payment.

By the agreement the original term of rental was reduced two years, and to this extent the appellee and her son were relieved of the obligations of the original contract. On the other hand, the agreement provided (1st) for the payment, in a few days thereafter, of the rent then owing, with interest, and the costs and expenses, including a fee to appellant's counsel, which without this agreement the appellee would not have been required to pay; and (2nd) for the payment, in one month thereafter and before the opening of the season, of the entire rental for the year 1911.

It is evident to us that it was not the intention of the parties to this contract that there should be paid to the appellant all the rent for the full time that the property was occupied by them, with interest on the payments of rent not promptly made when due, and at the same time turn over and deliver, without consideration, the personal property of the son amounting in value to $2,400, nor do we think this agreement expresses such an intention.

The first payment under this contract having been fully paid, but the second payment of $3,300, payable on May 1st, not having been paid, the amount for which the appellee is liable is the sum of $3,300, with interest, less the amount at which the personal property of her son was sold and the conceded credit for repairs. It was upon this basis that the Court below rendered its verdict.

The prayers of the appellant do not properly state the law of this case therefore the Court in refusing them committed no error. The judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*